IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1111-08



 


WESLEY CHARLES JOSEPH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


BEXAR COUNTY





 Keller, P.J., filed a concurring opinion.


 I think that appellant's primary claim is that he did not waive his rights at all, rather than that
his waiver was involuntary. (1) Though he combines a Miranda argument with his Article 38.22
argument, I would address the arguments separately because of the additional requirements of Article
38.22.

 The Court asks in footnote seven how to reconcile the timing requirements of Article 38.22
with Butler and our cases that follow Butler. (2) In answering that question, the Court discusses both
the oral-confession statute and the written-confession statute, so I shall as well.

 Under Article 38.22, § 3(a)(2), an oral statement like appellant's is not admissible unless
"prior to the statement but during the recording the accused is given [the statutory warnings] and the
accused knowingly, intelligently, and voluntarily waives" them. The order of proceedings is that the
warnings are given, the rights are waived, and the confession is made. Moreover, these three
proceedings must appear in the recording itself. 

 Under Article 38.22, § 2, a written statement is not admissible unless prior to the statement,
the accused is given the statutory warnings, and "prior to and during the making of the statement"
the accused waives them. "[P]rior to" the statement means that the rights must be waived before the
written statement is signed. (3) I think that, comparable to the requirement for oral statements that the
waiver appear in the recording, "during the statement" simply means that the waiver must appear on
the written statement itself. In other words, the timing is to be the same for written and oral
statements: warnings given, rights waived, and statement made; and the record (in whatever form)
must document all three proceedings.

 We held in Barefield that Article 38.22 § 3 did not require an express waiver of rights. (4) We
also held that the record in that case supported the trial court's findings that Barefield implicitly
waived his statutory rights before he confessed. (5) The same is true here. What appellant did and what
he said, including the fact that he continued talking after being advised of his rights, is not the waiver
itself; it is instead evidence of a prior waiver. 

 I join the Court's opinion, except for footnote seven.


DATE: February 24, 2010

PUBLISH
1. The Court believes that I am mistaken in this regard and that appellant's claim is that he
did not make an "effective" waiver, "not that he did not waive his rights at all." Court's op. at 8 n.6. 
In his petition's "Summary of Argument," appellant says, "The mere fact that Mr. Joseph signed and
initialed a rights card does not demonstrate waiver, when Mr. Joseph signed at the express request
of the interviewing officer who made no inquiry as to his intention to waive his constitutional and
statutory protections." In his argument on page seven of his petition, appellant says, "[N]othing in
the record before the trial court when it ruled indicated that Mr. Joseph had in fact made such a
waiver." The first subheading contained in the argument section reads: "The Burden is on the State
to Prove a Waiver of Constitutional Rights." On pages eight and nine, appellant says, "Rather than
having Mr. Joseph articulate any kind of waiver of his rights, or providing a written waiver,
Detective Walsh simply established that Mr. Joseph read and spoke English and had never been
arrested in Bexar County. . . ." Further on page nine, appellant says, "At no time was there any effort
to secure a waiver from Mr. Joseph. . . ." On page ten, applicant says, "[T]he document signed by
Mr. Joseph was a mere iteration of his rights, not a waiver of them." On page eleven, appellant
states, "On appeal, Mr. Joseph argued that even if he was properly advised of his rights, he never
actually waived those rights." Finally, on page thirteen, appellant says, "Mr. Joseph [asks] this
Honorable Court to clarify Garcia, that there must be an affirmative acknowledgment of the waiver
of the rights set out in Article 38.22." Both the language appellant uses and the substance of his
argument indicate that appellant is claiming that no waiver occurred because he did not make an
express statement that he waived his rights.
2. North Carolina v. Butler, 441 U.S. 369 (1979). 
3. A written confession is not considered to have been obtained until it is signed. Dowthitt
v. State, 931 S.W.2d 244 (Tex. Crim. App. 1996).
4. Barefield v. State, 784 S.W.2d 38, 40 (Tex. Crim. App. 1989).
5. Id. at p. 41.